UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

SEP 27 2017

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

THE HANOVER INSURANCE COMPANY §
§
Plaintiff, §
§ Civil No. SA-16-CV-609-RCL
v. §
§
JA GROUP, LLC, et al. §
§
Defendants. §

## MEMORANDUM OPINION:
## DENYING DEFENDANT J&J MAINTENANCE, INC.'S MOTION TO STRIKE;
## GRANTING ALTERNATIVE MOTION FOR LEAVE TO FILE AMENDED ANSWER

The Court has before it Defendant J&J Maintenance, Inc.'s ("J&J") Motion to Strike Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(f) ("Motion to Strike") and Alternative Motion for Leave to File Amended Answer ("Motion to Amend") (ECF #43). Upon consideration of these motions and the responses and replies thereto, the Court will **DENY** J&J's Motion to Strike, but will **GRANT** its Motion to Amend.

### Background

Plaintiff The Hanover Insurance Company ("Hanover") commenced this suit in federal court on June 24, 2016. (ECF #1). In its original complaint, Hanover sued various defendants, among them J&J, for alleged breaches of indemnity agreements relating to the "House Creek Bridge Project." (*See generally id.*). Then, on July 22, 2016, J&J brought suit against Hanover and another defendant, Time Insurance Agency ("Time"), in Texas state court. (ECF #43-1). Because Time is a Texas corporation, the state-court action was not removable under 28 U.S.C. § 1441(b)(2). (ECF #43-1, p.2, ¶5). In its state-court action, J&J sought a declaration that J&J had

1

no obligation to indemnify Hanover for costs related to a different project, the "Lighting Fixtures Project." (*Id.* p.2, ¶8).

On August 23, 2016, Hanover filed an amended complaint as of right in this Court. (ECF #21). That amended complaint added claims against J&J and other defendants in relation to the "Lighting Fixtures Project." (*See generally id.*). One month later, J&J filed its Motion to Strike, arguing that the amended complaint is an improper attempt by Hanover to get the content of J&J's non-removable state-court action into federal court and asking the Court to strike the amended complaint on the basis of abstention doctrines. (ECF 43, p.3, ¶¶4–5). In the alternative, J&J asked that this Court grant it leave to file an amended answer. (*Id.* p.1). These motions have been fully briefed and the Court now considers them.

### Discussion

I. **Abstention Is Inappropriate in this Case Because Neither the *Colorado River* Doctrine Nor the *Brillhart* Doctrine Applies in this Case.**

J&J asks this Court to strike Hanover's amended complaint pursuant to Federal Rule of Civil Procedure 12(f). Under that rule, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But J&J does not argue that Hanover's amended complaint should be stricken for any of those reasons. Instead, J&J argues that this Court should abstain from hearing the additional claims that Hanover asserts related to the Light Fixtures Project under the *Brillhart* abstention doctrine. (*See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994)). So J&J's motion is not so much a motion to strike as it is a motion to abstain. Hanover does not contest that this motion should be analyzed under abstention doctrines. But it argues that the *Colorado River* abstention doctrine, rather than the *Brillhart* abstention doctrine should apply in this case. (*See Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 800 (1976);

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983); *Bank One, N.A. v. Boyd*, 288 F.3d 181, 185 (5th Cir. 2002)).

J&J and Hanover are both wrong. Neither *Brillhart* nor *Colorado River* abstention applies to this case.

*Brillhart* abstention is clearly inapplicable to this case. "*Brillhart* is only applicable when a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action." (*New England Ins. Co. v. Barnett*, 561 F.3d 392, 397 (5th Cir. 2009) (quoting *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 n.4 (5th Cir. 2002))). Whether a case is a declaratory judgment action can be difficult to tell when a civil action involves claims for both declaratory and coercive relief, as this case does. The Fifth Circuit has noted that "courts have approached the issue in four different ways." (*Id.* at 395).

First, some courts "determine whether the coercive claims can exist independently of the requests for declaratory relief." (*Id.*). If they cannot exist independently, then, under this approach, *Brillhart* abstention is the appropriate framework for analysis.

Second, some courts look to see whether "the coercive relief is dependent on the grant of the declaratory relief." (*Id.*). If it is, then the "heart of the action" is the declaratory relief and *Brillhart* is the appropriate framework for analysis. (*Id.*).

Third, some courts "require[] a per se application of *Brillhart* any time a request for declaratory action is made, regardless of other facts and circumstances." (*Id.*).

Fourth, some courts have held that *Brillhart* is inapplicable "whenever an action includes both declaratory and non-frivolous coercive claims for relief." (*Id.*)

The Fifth Circuit has stated, in no uncertain terms, that it "follows the fourth approach." (*Id.*). "[W]hen an action contains *any* claim for coercive relief, the *Colorado River* abstention

3

doctrine [as opposed to the *Brillhart* abstention doctrine] is ordinarily applicable." (*Id.* (emphasis in original) (quoting *Kelly*, 315 F.3d at 497 n.4)). "Thus, it is well settled in this circuit that a declaratory action that also seeks coercive relief is analyzed under the *Colorado River* standard." (*Id.* at 396). The only "exceptions to application of the *Colorado River* standard [are] if the claims for coercive relief are frivolous or if the claims for coercive relief were added as a means of defeating *Brillhart*." (*Id.* at 395–96).

Here, count five of Hanover's amended complaint seeks declaratory judgment against J&J and other defendants in relation to the Light Fixtures Project. (ECF #21, p.13, ¶40). And count two of the amended complaint "requests coercive remedies for the breach of [the indemnity agreement] in the form of damages, attorney's fees, and injunctive relief." (*Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir. 1994); ECF #21, p.12, ¶34). "Inclusion of these coercive remedies indisputably removes this suit from the ambit of a declaratory judgment action" unless one of the two exceptions applies. (*Southwind*, 23 F.3d at 951). But there is no evidence that Hanover's claims for coercive relief are frivolous nor that they are asserted for the sole purpose of defeating *Brillhart*. For these reasons, Hanover's amended complaint (and even just the newly asserted claims) is not a declaratory judgment action and the *Brillhart* abstention doctrine is inapplicable.

J&J points to several cases in which, they say, "courts have exercised discretion to dismiss declaratory judgment 'claims' under *Brillhart* when there were other 'coercive' claims" in the action. (ECF #46, p.3, ¶6). To the extent that J&J argues that this Court should do likewise, the Court disagrees. Such an approach is contrary to clear Fifth Circuit precedent, which uses entire actions, rather than individual claims, as the proper unit for these abstention analyses. (*See*

*Barnett*, 561 F.3d at 397 ("our precedent states that when an *action* contains any claim for coercive relief, *Colorado River* applies") (emphasis in original) (internal quotation omitted)).

Similarly, J&J argues that using the action, rather than the individual claim, as the unit of analysis "would render *Brillhart* abstention meaningless because bringing a coercive claim alongside a declaratory action would virtually ensure federal court jurisdiction." (ECF #46, p.3, ¶6). It is true that the scope of *Brillhart* abstention is narrowed by taking the action-by-action rather than the claim-by-claim approach. However, the Fifth Circuit was clearly aware of this in *Barnett*, where it listed various alternative options and rejected them in turn before endorsing the action-by-action approach. This Court will not question the Fifth Circuit's judgment on the matter. Further, *Brillhart* is not meaningless because coercive claims can still be ignored if frivolous or if they exist only to defeat *Brillhart*. For these reasons, the Court abides with clear Fifth Circuit precedent and finds that *Brillhart* abstention is inapplicable to this case.

Because the *Brillhart* abstention doctrine is inapplicable to this case, if any abstention doctrine were applicable, then it would be the *Colorado River* abstention doctrine. *Colorado River* abstention may apply in circumstances where there is parallel state and federal litigation, there are coercive claims in the federal court, and the exceptions mentioned above do not apply. (*Colorado River*, 424 U.S. at 817; *Trejo*, 39 F.3d at 590; *Barnett*, 561 F.3d at 396). But even when all of those conditions are met, courts typically only "abstain from a case that is part of parallel, duplicative litigation . . . under 'exceptional' circumstances." (*Kelly*, 315 F.3d at 497 (quoting *Colorado River*, 424 U.S. at 818)).

J&J concedes that, if *Colorado River* abstention applied in this case, then it would "prevent abstention." (ECF #46, p.2, ¶4). J&J, however, argues that *Colorado River* abstention would only apply if "J&J were seeking to dismiss this action in its entirety." (*Id.*). The court

agrees. *Colorado River* abstention is most appropriately used to abstain from actions in their entirety, not to abstain from individual claims. Thus, the use of *Colorado River* abstention to strike/abstain from only those claims asserted in the amended complaint is improper. The analysis should be action-by-action, not claim-by-claim. Therefore, the *Colorado River* abstention doctrine is inapplicable.

Thus, J&J's motion to strike on the basis of abstention doctrines must fail on two independently sufficient grounds.

First, because both the *Colorado River* and *Brillhart* abstention doctrines are inapplicable, there is no basis for the Court to abstain from the claims asserted in the amended complaint. The Court understands that parallel proceedings are an inefficient use of judicial resources and a major pain for the parties. But the Court also recognizes its "virtually unflagging obligation . . . to exercise the jurisdiction given" to it and will follow the "general rule [that] a federal court may not abstain . . . simply because there are parallel proceedings in state court." (*Trejo*, 39 F.3d at 589 (quoting *Colorado River*, 424 U.S. at 817)).

Second, even if the Court is wrong and abstention doctrines may properly be used to attack just the claims asserted in the amended complaint rather than the action as a whole, the proper abstention doctrine to apply in this case would, for the reasons given above, be the *Colorado River* abstention doctrine. J&J admits that it loses under this doctrine and did not even attempt to rebut Hanover's application of the *Colorado River* factors in its reply. (ECF #46, p.2, ¶4 (remarking that, if applicable, "the *Colorado River* doctrine . . . would apply to prevent abstention."). Therefore, even if abstention doctrines were applicable to this motion, which they are not, the Court would deny J&J's Motion to Strike.

For these reasons, the Court will **DENY** J&J's Motion to Strike.

## II. Hanover Has Not Opposed J&J's Motion for Leave to File an Amended Answer, and the Court Sees No Reason to Deny Leave.

J&J asks that, in the event its motion to strike is denied (which it will be), the Court grant it leave to file an amended answer. Hanover has not challenged this request. And the Court, cognizant of Rule 15(a)(2)'s admonition that courts "should freely give leave [to amend] when justice so requires," sees no reason not to grant leave. Therefore, the Court will **GRANT** J&J's Motion to Amend.

**A SEPARATE ORDER SHALL ISSUE.**


SIGNED this _27th_ day of September, 2017.


*[signature]*
HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE